UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11131-RGS

MARK G. DOWGIEWICZ

v.

THE TOWN OF WEBSTER, et al.

MEMORANDUM AND ORDER
ON DEFENDANTS' SPECIAL MOTION TO DISMISS

October 15, 2019

STEARNS, D.J.

In this memorandum, the court will address only the issue of defendants' special motion to dismiss brought under Mass. Gen. Laws ch. 231, § 59H, more often known as the "anti-SLAPP statute." Because the statute is intended to protect a non-moving party's right of petition and speech under the First Amendment from any excessive burden of harassing and meritless litigation, it intends to provide an early, inexpensive avenue to a dismissal. For that reason, it would be only in the rarest of cases that a court would authorize discovery before the motion to dismiss is decided. *See Blanchard v. Steward Carney Hosp.*, Inc., 483 Mass. 200, 212 (2019) (*Blanchard II*). This is not one of those cases.

To prevail on a special motion to dismiss, the moving party must make

a threshold showing by a preponderance of the evidence that the claims against it are based on its petitioning activities alone and have no reasonable basis in fact or in law other than or in addition to the petitioning activities themselves. *Duracraft Corp. v. Holmes Prods. Corp.*, 427 Mass. 156, 167-168 (1998). The burden then shifts to the nonmoving party to establish by a preponderance of the evidence that the special movant lacked any reasonable factual support or arguable basis in law for its petitioning activity,[1] or that its claim was not brought "*primarily* to chill the special movant's . . . exercise of its right to petition."[2] *Blanchard v. Steward Carney Hosp.*, Inc., 477 Mass. 141, 143-144 (2017) (*Blanchard I*) ("broadening" *Duracraft*) (emphasis added).

On its face, this case falls into a depressingly familiar category of a small-town intra-governmental political feud, here involving a former member of the Town of Webster's Board of Selectmen, Mark Dowgiewicz (the plaintiff), and defendants – the Town itself, Timothy Bent, the former Webster Chief of Police, and Pamela Leduc. the former Webster Town

---

[1] "Proving that the moving party's petitioning activity was, in essence, a sham presents a 'high bar.'" *Blachard (II)*, 483 Mass. at 204 (2019).

[2] In this regard, the court should consider whether the case fits the "classic" mode of a lawsuit brought against citizens of modest means speaking publicly against a development project. *Id.*

Administrator (the moving parties). The pleadings are riddled with allegations of discrimination, nepotism, racism, retaliation, libel, slander, financial impropriety, and intimidation. As best as can be determined from the pleadings, the quarrel began over the refusal of the defendants to hire a relative of the plaintiff as a Town police officer. Broadly read, the Complaint alleges that when plaintiff objected to what he (in his role as a Selectman) perceived to be discriminatory hiring practices on the part of the Town in passing over his soon-to-be son-in-law (alleged to be a "minority"), the defendants embarked on a campaign of harassment and retaliation against him. The Complaint alleges violations of federal Title VII, 42 U.S.C. § 2000 *et seq*, the federal Civil Rights Act, 42 U.S.C. § 1983, the Massachusetts Anti-Discrimination in Employment Act, Mass. Gen. Laws ch. 151B, and the Massachusetts Whistleblowers Statute, Mass. Gen. Laws ch. 149, §185, broken into thirteen separate counts asserted against the defendants collectively and individually.

The gist of the defendants' anti-SLAPP argument is the claim that plaintiff's lawsuit is based "solely" on and with the primary motive of chilling the petitioning activity of Chief Bent and Administrator Leduc, namely statements that they made in connection with complaints they filed against

Dowgiewicz with the State Ethics and Civil Service Commissions. Defendants recognize that the Town of Webster, as a municipality, is not a proper anti-SLAPP moving party. "Because the constitutional right is understood as the right of *citizens* to seek redress *from the government* for grievances, . . . the government cannot 'petition' itself within the meaning of G.L. c. 231, § 59H." *Moriarty v. Mayor of Holyoke*, 71 Mass. App. Ct. 441, 448 (2008) (emphasis in original).[3] But as defendants also acknowledge, Bent and Leduc are proper parties only to the extent that their "petitioning" was undertaken to redress a personal grievance and not done in their official capacities as agents of the Town. *Id.* at 447. The defendants' attempt to squeeze into this exception by way of the explanation that "their affidavits and letters" submitted in connection with the ethics and civil service complaints demonstrate that they acted "out of concern for their own mental, physical, and financial wellbeing, as well as out of concern for the appropriate conduct of Town affairs for the sake of its citizens," Defs.' Mot. at 19, is a leaky bucket, particularly where, as here, the lawsuit was filed long

---

[3] While the Town of Webster (2017 pop. 17,020) may not be the "massive entity with vast resources," described by the plaintiff, *see* Pl.'s Opp'n at 14, the asymmetrical balance of power between the contending parties suggests the reverse of the classic "mode" of lawsuit that the Supreme Judicial Court had in mind in *Blanchard II*.

after the State Ethics Commission proceedings had concluded in Dowgiewicz's favor.  *See Blanchard II*, 483 Mass. at 206.

ORDER

For the foregoing reason, the special motion to dismiss is DENIED.[4] The parties will advise the court no later than October 29, 2019, as to those documents the authenticity of which are not disputed and are sufficiently central to the plaintiff's claims to be appropriately considered by the court on a Rule 12(c) motion for judgment on the pleadings.  *See Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) ("The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice."), quoting *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006).

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[4] To be clear, in denying the special motion to dismiss, I am not offering any judgment as to the merits of the issues raised under Fed. R. Civ. P. 12, including those involving the statutes of limitation, waiver, and privilege.